IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS ROGERS | ) |
| | ) |
| Plaintiff | ) Civil Action No. _____ |
| | ) |
| vs. | ) Judge _____ |
| | ) |
| HARBOR FREIGHT TOOLS USA, INC. | ) Magistrate _____ |
| | ) |
| Defendant | ) Jury Trial |

## COMPLAINT

Thomas Rogers ("Rogers") files this complaint for infringement of U.S. Patent No. 6,533,445 against Harbor Freight Tools USA, Inc. ("Harbor").

## THE PARTIES

1. Rogers is a resident of the State of Tennessee having a business at 1534 Rosella Court, Brentwood, TN 37027.

2. Upon information and belief, Harbor is an Arizona corporation having its principal place of business at 1702 East McNair Drive, Tempe, Arizona 85283 whose registered agent for service of process is Corporation Service Company, 2338 West Royal Palm Rd, Suite J, Phoenix, Arizona 85021.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action in accordance with the provisions of 28 U.S.C. §§ 1331, 1332, and 1338. Harbor has sold and/or offered to sell the accused products, including, without limitation, submersible trailer LED lights (94137) and LED trailer light kit (95974) in this District. Additionally, Harbor has multiple retail stores in this District. Therefore, Harbor is subject to the specific and general jurisdiction of the Court.

1

4. Venue is proper in this District because Harbor is subject to personal jurisdiction in this District. 28 U.S.C. § 1391(b).

## COUNT I

### PATENT INFRINGEMENT RE U.S. PATENT NO. 6,533,445

5. Rogers repeats and realleges the allegations contained in Paragraphs 1-4 of the complaint as if set forth fully herein.

6. Rogers is the owner of U.S. Patent No. 6,533,445 (the "'445 Patent"), a copy of which is attached hereto as Exhibit A.

7. The '445 Patent is a valid patent.

8. One or more products made, used, sold, and/or offered for sale by Harbor infringe one or more claims of the '445 Patent.

9. Harbor's infringement has caused and will continue to cause both compensable and irreparable damage to Rogers.

10. Because of Harbor's infringement, Rogers is entitled to a reasonable royalty based upon Harbor's sales, and a preliminary injunction and permanent injunction prohibiting Harbor from making, using, selling, or offering to sell the infringing products.

11. Upon information and belief, Harbor's infringement has been willful.

WHEREFORE, Rogers prays:

a. For an injunction prohibiting Harbor and its agents, employees and those acting in concert with them, from infringing the '445 Patent;

b. For an order directing that all materials which are in the possession, custody, or control of Harbor which infringe the '445 Patent be delivered to the Court for impoundment during the pendency of this action;

c. For an award of a reasonable royalty and/or damages;

d. For an award of treble damages due to Harbor's willful violation of Rogers' rights under U.S. patent law;

e. For an assessment of costs and an award of Rogers' reasonable attorney fees in prosecuting this action against Harbor; and

f. For such other and further relief as this Court may deem just and proper.

Claimant demands a jury to determine all issues of fact.

Respectfully submitted,

_____
Edward D. Lanquist, Jr.
Waddey & Patterson
1600 Division Street, Suite 500
Roundabout Plaza
Nashville, TN 37203
(615) 242-2400

Attorneys for Thomas Rogers